FILED
SUPERIOR COURT
OF GUAM

2024 APR -3 AM 11: 23

CLERK OF COURT

BY:_____ gm

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOODWIND DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>WEST BAY CORPOARTION and 21st CENTURY CORPORATION,<br><br>Defendants. | **CIVIL CASE NO. CV0028-23**<br><br>**DECISION AND ORDER DENYING DEFENDANTS' RULE 59(E) MOTION FOR RECONSIDERATION** |
| WEST BAY CORPOARTION and 21st CENTURY CORPORATION,<br><br>Counterclaimants,<br><br>vs.<br><br>GOODWIND DEVELOPMENT CORPORATION,<br><br>Counterclaim Defendants. | |

## INTRODUCTION

The Honorable John C. Terlaje took this matter under advisement on April 1st, 2023, regarding West Bay Corporation's and 21st Century Corporation's ("Defendants'") Motion for Reconsideration. Louie J. Yanza appeared for West Bay Corporation and 21st Century Corporation. Anita P. Arriolla appeared for the Goodwind Development Corporation ("Plaintiff"). Based on the relevant law and authorities the Court now issues the following decision and order **DENYING** Defendant's Motion for Reconsideration.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Goodwind Development Corporation ("GDC") initially filed their Verified Complaint on January, 2023, alleging two separate breaches of two separate promissory notes by West Bay Corporation ("West Bay") and 21st Century Corporation ("Century") respectively. West Bay and Century then filed an Answer and Counterclaim to GDC's complaint on March 7th, 2023, alleging several counterclaims for relief including fraud and misrepresentation. In response, GDC filed a Motion to Dismiss Counterclaims and an Alternative Motion to Strike on April 17, 2023. Then, West Bay and 21st Century filed their own Motion to Dismiss on July 26th, 2023. This Court granted GDC's Motion to Dismiss Counterclaims and an Alternative Motion to Strike on October 5, 2023. GDC filed a Motion for Reconsideration of our decision on October 23, 2023.

The relevant facts regarding the Motion for Reconsideration are as follows:

1. The two promissory notes were prepared and signed "in or around May 2011." Compl. ¶ 5, 10 (Jan. 19, 2023).

2. "Pursuant to the Parties' agreement, they were to invest in a San Francisco garage ("Garage")." Defs' Ccls. ¶ 12-13 (March 6th, 2023).

3. West Bay, whose sole shareholder is Rowena Tan Chua, was the nominee shareholder on behalf of GDC. GDC invested $750,000.00 in SF Oakland Bay, LLC ("SFOB"), the owner of the Garage, so that West Bay owned 75% of the shares in SFOB. The promissory note was executed by West Bay to reflect that West Bay was majority owner of SFOB for tax purposes." *Id.*

4. Century did in fact borrow $120,000.00 and executed its respective promissory note in favor of GDC. *Id.* ¶ 17-19. Counterclaim Defendants allege that the note has not been paid since November 2011. *Id.* Nevertheless, Counterclaimants allege that CDG demanded the

Century note be paid within a year and that "Century paid off the note by November 30, 2011, through some form of payroll deduction of [Joseph Chua, Rowena's husband's] salary," and that Century is no longer indebted to GDC. *Id.* ¶ 19.

5. The West Bay note has not been paid since executing the promissory note. Defs' Ccls. (March 6th, 2023).

6. "After eleven (11) years and eight (8) months, GDC has now filed suit to recover on the two promissory notes." *Id.* GDC did not make any other demands for repayment of the promissory notes during the above time period. *Id.* ¶ 19.

## II. LAW AND DISCUSSION

Defendants argue that the proper authority for this motion is Guam Rule of Civil Procedure 59(e). Counterclaim Pls.' Mot. for Reconsideration & Mem. in Supp. ¶ 3 (October 23, 2023) citing *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Authority*, 2014 Guam 12 ¶ 21. Plaintiff contends, however, that the proper authority for reconsideration is local rule CVR 7.1, and that GRCP 59(e) is reserved for reconsideration on appeal. Pl. Goodwind Dev. Corp.'s Opp. to Defs.' Mot. for Reconsideration. ¶ 3 (November 20, 2023). The plain language of GRCP 59(e) seems to confirm this as the rule is literally titled: "New Trial; Altering or Amending a Judgment."[1] In contrast, CVR 7.1 applies to "motions" and "all other proceedings except a trial on the merits."[2] Thus, CVR 7.1 appears to be the appropriate authority for this motion. Finally, the very case that Defendants cite in favor of GRCP 59(e) explicitly points out that GRCP 59(e) "by its terms applies only to judgments" and that while the Guam Supreme Court does not forbid the authority of GRCP 59(e)

---

[1] *See* GRCP 59(e).
[2] *See* CVR 7.1(a).

in pre-judgment motions, it is an extraordinary remedy, to be used sparingly. *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Authority*, 2014 Guam 12 ¶ 21.

Although the Guam Supreme Court has held that GRCP 59(e) can be used as an authority, the Court has not required it either. Thus, given that CVR 7.1 explicitly applies to pre-judgment motions like the one before us, we will apply the local rule. CVR 7.1(i) provides the standard in this case:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or, (2) the emergence of new material facts or a change of law occurring after the time of such decision, or, (3) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

CVR 7.1(i).

### A. The Defendant Simply Repeats the Same Arguments in Their Motion for Reconsideration that They Made in Their Original Motion to Dismiss

Plaintiff argues persuasively that the Defendants "fail to cite, much less argue, any of the three stringent requirements under CVR 7.1(i)" and encourages this court to deny the Motion for Reconsideration on these grounds alone. Pl. Goodwind Dev. Corp.'s Opp. to Defs.' Mot. for Reconsideration. ¶ 2 (November 20, 2023). We take argument above into consideration in light of the rule that a motion for reconsideration offers "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Guam Bar Ethics Committee v. Maquera*, 2001 Guam 2019 (quoting *Kana Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Further, Plaintiff points out that all three of the arguments in the Defendants' Motion for Reconsideration just repeat the arguments that previously were made in the

Defendant's Motion to Dismiss. Pl. Goodwind Dev. Corp.'s Opp. to Defs.' Mot. for Reconsideration. ¶ 2 (November 20, 2023). The Court will address each argument, one by one:

### i. Defendants' First Argument

Defendants' argue that the Court applied an incorrect legal standard in granting the Plaintiff's 12(b)(6) Motion. Counterclaim Pls.' Mot. for Reconsideration & Mem. in Supp. ¶ 4 (October 23, 2023). Plaintiff contends, however, that, "Argument 1 of the Motion for Reconsideration is virtually identical to the argument asserted in Defendants' Opposition at page 3 concerning the legal standard to be applied in a motion to dismiss." Pl. Goodwind Dev. Corp.'s Opp. to Defs.' Mot. for Reconsideration. ¶ 2 (November 20, 2023). We cannot disagree.

### ii. Defendants' Second Argument

Defendants' argue that the Court committed a clear error in deciding that two of the Defendants' claims are barred by the Parol Evidence Rule. Counterclaim Pls.' Mot. for Reconsideration & Mem. in Supp. ¶ 7 (October 23, 2023). Plaintiff, however, contends that, "Argument 2 of the Motion for Reconsideration repeats the same arguments concerning the parole evidence rule that were made in the Defendants' Opposition at page 7." Pl. Goodwind Dev. Corp.'s Opp. to Defs.' Mot. for Reconsideration. ¶ 3 (November 20, 2023). We cannot disagree.

### iii. Defendants' Third Argument

Defendants' argue that the Court committed clear error in deciding that the Defendants' unjust-enrichment claim is barred by the statute of limitations. Counterclaim Pls.' Mot. for Reconsideration & Mem. in Supp. ¶ 11 (October 23, 2023). Plaintiff, however, contends that, "Argument 3 of the Motion for Reconsideration regurgitates the same argument in Defendants' Opposition at 5-6 that Defendants could not have known about Goodwin's reneging on its alleged promises to pay the parking garage expenses due to the confidential relationship between Mr.

Lucio Tan, Rowena Tan, and Joseph Chua. Pl. Goodwind Dev. Corp.'s Opp. to Defs.' Mot. for Reconsideration." ¶ 3 (November 20, 2023). We cannot disagree.

Motions for reconsideration "are both 'procedurally and substantively deficient' if they simply reiterate in greater detail arguments previously made before the court." *Guam Bar Ethics Comm. V. Maquera*, 2001 Guam 2019 (quoting *Merchant v. Nanyo Realty Inc.*, 1998 Guam 26 ¶¶8-9). The Motion for Reconsideration therefore does not survive the stricter scrutiny of CVR 7.1(i).

## III.   CONCLUSION AND ORDER

Based on the foregoing, the Court DENIES the Motion for Reconsideration.

**SO ORDERED** 3 April 2024.

_____
**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**